AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DEC 27 2021
BY
DEPUTY

# UNITED STATES DISTRICT COURT
for the

Keith W. DeWitt, SR.
_____
*Petitioner*

v.

Warden Dobbs
_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)   9:21cv307 RC/ZH
)
)   Case No. _____
)           *(Supplied by Clerk of Court)*
)
)
)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:    Keith W. DeWitt, SR.
    (b) Other names you have used:    — NA —

2.  Place of confinement:
    (a) Name of institution:    U.S.P. Beaumont
    (b) Address:    P.O. Box 26030
                    Beaumont, Texas   77700-6030
    (c) Your identification number:    42918-061

3.  Are you currently being held on orders by:
    ☑ Federal authorities      ☐ State authorities      ☐ Other - explain: _____

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:    United States District Court
    for the Southern District of Ohio, At Dayton
    (b) Docket number of criminal case:    3:98-CR-081
    (c) Date of sentencing:    1-24-2004
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.      What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☑ Disciplinary proceedings

☐ Other *(explain)*: _____

6.      Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: Bureau of Prisons. (B.O.P.)

(b) Docket number, case number, or opinion number: _____

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

B.O.P staff sanction me for a 305 incident infraction in violations of Wolff, 418 U.S. 539, and Program Statement 5270.09 where the officer that witnessed the Prohibited Act must be the one to write the report.

(d) Date of the decision or action: 1-22-2020

## Your Earlier Challenges of the Decision or Action

7.      First appeal

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes    ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Administrative Remedy was filed with the Regional Office in Atlanta

(2) Date of filing: 2-1-2021

(3) Docket number, case number, or opinion number: Remedy I.D. No: 1020605-F2

(4) Result: Rejected as untimely

(5) Date of result: 1-14-2021

(6) Issues raised: Incident Report was written by a staff member who did not witness the contraband being found in my property. The report was written five days after it was allegedly found. The Round D staff member was never given, and the incident report was handle in violation to Wolff.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

As I was housed in SHU for forty plus before my property inventoried, no notation was made my property inventory form that legal documents were removed

(b) If you answered "No," explain why you did not appeal: _____

_____

8.    Second appeal

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Administrative Remedy was filed with Central Office in D.C.

(2) Date of filing: First was 11-27-2020 (1020605-A1); Second 11-8-2021 (1020605-A2)

(3) Docket number, case number, or opinion number: 1st 1020605-A1 & 2nd 1020605-A2

(4) Result: Told to do the same thing again

(5) Date of result: 11-8-2021

(6) Issues raised: The same issue was raised, but the staff memo that requested to be added, and after the memo by B.O.P staff member was added they said repeat again.

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    Third appeal

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal: There is no higher tribunal after Central Office in D.C. except U.S. District Court.

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes            ☐ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____
_____
_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____
_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
       conviction or sentence: _____

_____
_____
_____
_____
_____
_____

11.    Appeals of immigration proceedings
       Does this case concern immigration proceedings?
       ☐ Yes                          ☐ No
              If "Yes," provide:
       (a)    Date you were taken into immigration custody: _____
       (b)    Date of the removal or reinstatement order: _____
       (c)    Did you file an appeal with the Board of Immigration Appeals?
              ☐ Yes                    ☐ No
              If "Yes," provide:
              (1) Date of filing: _____
              (2) Case number: _____
              (3) Result: _____
              (4) Date of result: _____
              (5) Issues raised: _____

_____
_____
_____
_____
_____

(d)    Did you appeal the decision to the United States Court of Appeals?
       ☐ Yes                          ☐ No
              If "Yes," provide:
              (1) Name of court: _____
              (2) Date of filing: _____
              (3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

_____

12.    Other appeals

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes        ☐ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application: _____ — NA —

    (b) Name of the authority, agency, or court: _____

    (c) Date of filing: _____

    (d) Docket number, case number, or opinion number: _____

    (e) Result: _____

    (f) Date of result: _____

    (g) Issues raised: _____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: The expungement of incident Report No. 3355407 for a 305 series sanction

Pleas see Attachment

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

~ NA ~

(b)  Did you present Ground One in all appeals that were available to you?
☐ Yes                ☐ No

GROUND TWO: _____

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

~ NA ~

(b)  Did you present Ground Two in all appeals that were available to you?
☐ Yes                ☐ No

GROUND THREE: _____

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

~ NA ~

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes                ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR: _____ ~NA~ _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did

    not: _____ ~NA~ _____

    _____

    _____

    _____

### Request for Relief

15. State exactly what you want the court to do: Petitioner prays that the Honorable Court would review the evidence, and see that the procedural steps pursuant to Waff and Program Statement was violated; order that the 305 be expunged as Petitioner never possessed the documents cited in incident report no. 3355407.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 12-20-2021

By: _____

*Signature of Petitioner*

_____

*Signature of Attorney or other authorized person, if any*

## 2241 Attachment

Pursuant to Program Statement 5270.09 § 541.5 - 541.8, which governs the Due Process Procedures when an inmate is accused of a Prohibited Act.

§ 541 outlines the steps that should be taken when a Reporting employee (the staff witness), is to be the one to write out the incident Report as he/she is the with first hand knowledge of the Prohibited Act. Wherein, the Reporting employee must cite All numbered Prohibited Acts committed by the inmate And witnessed by that staff officer. The Report is then Assigned to An investigating officer (After the incident had been written), outside of the Reporting officer, And the incident Report should be delivered to the inmate within 24 hours of the incident; constituting due notice

1.

Petitioner was never given notice of the R&D staff member who allegedly found the documents in my property; property that had not been in Petitioners custody for over forty (40) days as Petitioner was placed in the Segregated Housing Unit (SHU) on December 10, 2019, And the property was not inventoried until January 17, 2020 (Please Attached incident And property sheet); All Against P.S. 5270.09 § 541.5 - 541.8. The report was written by officer Bobby Screws, someone who can not Attest that the documents Actually were found in Petitioner's property. The incident Report was written based on hearsay evidence.

The instant Case shows that Petitioner was denied all procedural safe guards envisaged by Program Statement 5270.09 § etc.

2.

Further, the procedural requirements run

afoul for prison disciplinary proceeding as outlined

in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963,

41 L.Ed. 2d 935 (1974), in two aspect; 1) written notice

to the inmate of the charges at least 24 hours prior

to the disciplinary hearing; 2) An opportunity "to call

witnesses and present evidence in his defense when

permitting him to do so will not be unduly hazardous to

institutional safety or the correctional goals".

From the exhibit of the chronological

Disciplinary Record, the incident report was written

at 0800 hours, and Petitioner was found guilty at

1600 hours, and as Petitioner was never given the

name of the R&D officer whom allegedly found

this documents, Petitioner was denied an opportunity

that individual as a witness to verify that the

3.

documents were Actually found in my property,
And why he/she did not indicate on my property sheet
that he/she had Removed legal documents like they
listed all the other property they had Removed.

Petitioner has a vested interest in the Due
Process Procedures, And the Arbitrary Nature in
how B.O.P staff violated these safeguards ARE
egregious. Petitioner did All that Requested of him,
And the B.O.P. Refuses to follow its own procedural
mandates. Incident Report No: 3355407 generated
And processed in violation of the these mandates, And
in violation to Wolff.

Petitioner prays that the Honorable court would
Review evidence, And order the expungement of incident
report No: 3355407.

4.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 8, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : KEITH W DEWITT, 42918-061
      BEAUMONT USP    UNT: F/B    QTR: F04-413L
      P. O. BOX 26035
      BEAUMONT,  TX 77720


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1020605-A2      CENTRAL OFFICE APPEAL
DATE RECEIVED  : OCTOBER 22, 2021
SUBJECT 1      : UDC ACTION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

REJECT REASON 3: SEE REMARKS.

REMARKS        : IF STAFF PROVIDE A MEMO STATING THE LATE FILING WAS
                 NOT YOUR FAULT, THEN RE-SUBMIT TO THE LEVEL OF THE
                 ORIGINAL REJECTION.

Exhibit 1-A

RECEIVED

NOV 23 REC'D
3651
Warden's Office
USP Beaumont, TX

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: DeWitt, Keith  W         42918-061        FB        U.S.P. Beaumont
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** Nearly a year has elasped and Regional Office has not responded. I am appealing to have incident No. 3355407 expunged. Pursuant to P.S. 5270.09 - the officer that witnessed (found) the prohibited act must be the one to write the report. B. Screw did not, nor can he attest to finding anything in my property. The report stats that a R&D staff member asked him (B. Screw) to identify some paperwork. Whoever the R&D staff member is, should have written the incident report after verification of the items was made. This did not happen. Mr. Screw cannot write an incident report for possession of an unauthorized item when he cannot attest to the fact that the item was found in my property. I did not have the items. The alleged items were found 40 days after I was placed in SHU. I never got an itemized list of my property upon entering the SHU. All items Central Office asked to get for verification that the time issue was not upon me but upon staff, I provided. It must be noted that the report was written a full week after the alleged item was found. When I'm suppose to notified in 24 hours, or have the Warden sign-off on a delay. Whoever the R&D staff member is, did not identify on my property sheet that some type of legal work was removed and sent to S.I.S.

Oct. 14, 2021
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

OCT 2 2 2021

Administrative Remedy Section
Federal Bureau of Prisons

_____
DATE

ORIGINAL: RETURN TO INMATE

_____
GENERAL COUNSEL

CASE NUMBER: 1020605-A1

**Part C - RECEIPT**

Exhibit 1-B

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 27, 2020


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : KEITH W DEWITT, 42918-061
      BEAUMONT USP    UNT: F/B    QTR: F04-401L
      P. O. BOX 26035
      BEAUMONT,  TX 77720


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1020605-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED   : NOVEMBER 3, 2020
SUBJECT 1       : UDC ACTION
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

REJECT REASON 2: SEE REMARKS.

REMARKS         : IF STAFF PROVIDE A MEMO STATING LATE FILING WAS NOT
                  YOUR FAULT, THEN RESUBMIT TO THE LEVEL OF THE
                  ORIGINAL REJECTION.


RECEIVED

DEC 1 6 RECD

Warden's Office
USP Beaumont, TX

Exhibit 2 #

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 14, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      EDGEFIELD FCI

TO  : KEITH W DEWITT, 42918-061
      BEAUMONT USP    UNT: F/B    QTR: F04-401L
      P. O. BOX 26035
      BEAUMONT,  TX 77720


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1020605-F2    ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : JANUARY 23, 2020
SUBJECT 1      : UDC ACTION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 2: SEE REMARKS.

REMARKS        : YOUR APPEAL SHOULD HAVE BEEN FILED WITHIN 20 DAYS
                 OF ARRIVING AT USP BEAUMONT

Exhibit 3#

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: DeWitt Keith                42918-061        FB        U.S.P Beaumont
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** Time requirement pursuant P.S. 5270.09 § 541.5 - 541.8 do not attach until inmate takes receipt of the notice. Covid-19 protocols have forced inmates behind cell doors and all correspondence pass through their hands. I have met all time requirements pursuant to the mail box rules. I am appealing because Central Office report is dated Nov. 27, 2020, U.S.P. Beaumont dated their receipt Dec. 16, 2020, and the notice did not reach me until Dec. 29, 2020. The same day the notice reached me, Counselor Bangart wrote the memo pursuant to Central Office directions. Also that same day I re-wrote the BP-9 and placed all documents in the hands of Mr. Bangart along with certified mail receipts attached (please all attached paperwork). I have all time requirements. Edgefield rejection notice is dated Jan. 14, 2021. The envelope is dated Jan. 21, 2021, And I did not receive personal notice until Jan. 28, 2021. (please see attachment). My appeal should be addressed upon the merits, and not technicalities beyond the inmates control. Incident no: 3555407 must be expunged because: 1) the documents were not found in my property 2) Officer Screw was not suppose to be the one to write the report pursuant P.S. 5270.09, the officer that witness the incident must write the report. Officer Screw cannot attest to the fact that the paperwork was retrieved from my property, As they were not. 3) The report was written a week after the alleged documents were found, (no explanation in writing pursuant P.S was given for the delay. 4) the property office did not itemize any removed documents from my property along with the other items in hold. The documents didn't belong to me, nor found in my property. The sanction must be expunged.

Feb. 1, 2021                                    K. DeWitt, P.
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Exhibit 4 #

_____                                    _____
DATE                                         REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**
                                             CASE NUMBER: _____

Return to: _____    _____    _____    _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.         UNIT          INSTITUTION
SUBJECT: _____

_____                                    _____
DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN IVN                                                               BP-230(13)
                                                                     JUNE 2002



**U.S. Department of Justice**

Federal Bureau of Prisons
United States Penitentiary
*Federal Correctional Complex*

P. O. Box 26035
Beaumont, Texas 77720

December 29, 2020

To Whom it may concern:

I am sending this memo to confirm that inmate Dewitt, Keith
Register Number 42918-061 filed all of his paperwork in a timely
matter and through no fault of his own it was delayed by the
Covid-19 pandemic and Institutional lockdowns.

Correctional Counselor J. Bangart, FB Unit

Exhibit 5#

U.S. DEPARTMENT OF JUSTICE                                      **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: DeWitt    Keith   W.              42918-061         A-1         Edgefield
      LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

Part A- INMATE REQUEST  Parsuant to Program Statement 5270.09 §§ 541.5 - 541.8
which prescribe that the witnessing officer must write the incident report. That being
case, I am asking that incident No. 3355407 be expunged from my record. The witnessing
officer must be the one to write the incident report as to what they saw. Mr. Screws
cannot attest to the fact that the U.C.C. document was found in and/or removed
from my property. Mr. Screws only has third party knowledge of where the document
was retrieved from (Allegedly). According to 5270.09, once verification was made
that the document was prohibited, the witnessing officer because he/she was the one
find it in the inmates property, must write the incident report. Mr. Screws clearly state
that it was give to him by "someone" from R&D. Program Statement does not authorize
that this responsiblity can be delegated to another officer. It must be expunged also
because, according to my property sheet my property was processing on 1-17-2020, but the
report was not written until 1-22-2020, five days later. P.S. § 541.5 - 541.8 state that a
delays in processing of the incident report, must also be documented, and this did not happen.
And finally, there is no notation of the property that a legal item was removed. As all other item
removed were documented, giving me notice it was removed. I did not have any U.C.C. paperw
in my property and I strongly deny having knowledge of any U.C.C. doc.

DEC 29 2020                                              [signature]
DATE                                                     SIGNATURE OF REQUESTER

Part B- RESPONSE



                                    Exhibit 6 #


_____                    _____
DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

                                            CASE NUMBER: _____

Part C- RECEIPT

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                    PRINTED ON RECYCLED PAPER                    BP-229(13)
                                                                       APRIL 1982



Exhibit #9

U.S. Department of Justice | **Inmate Personal Property Record—**
Federal Bureau of Prisons | **Institution:** EDG

| 1. Name: Dedith, Kelth | 2. Register Number: 42908-061 | 3. Unit: A1/SHU | 4. Date and Time of Inventory 1-12-31 |

5. Purpose of Inventory (check one that applies): Date and Time of Action: 1-23-30 1050
a.___ Admission   b.___ Hospital   c.___ Writ   d. _X_ Transfer   e.___ Detention   f.___ Release
g.___ Incoming package   h.___ Other (specify)

6. Disposition (Disp.)
D – Donated   M – Mail   S – Storage
K – Keep in Possession
C – Contraband (Attach BP–Record–162)

*Date Property was inventorie* *1505*

7. Type of Property:

**a. Personally Owned Items**

| # | Article | Disp. |
|---|---|---|
| | Batteries | |
| | Belt | |
| | Billfold | |
| | Books, reading | |
| | hard___ , soft___ | |
| 1 | Books, religious | ××× |
| | hard___ , soft 1 | |
| | Brassiere | |
| | Cap, Hat | |
| | Coat | |
| | Coins | |
| | Comb | |
| | Combination lock | |
| | Dress | |
| | Driver's license | |
| | Earplugs | |
| | Eyeglass case | |
| | Eyeglasses | |
| | Gloves | |
| | Hair brush/pick | |
| | Handkerchief | |
| | Jacket | |
| | Jogging suit | |
| | Legal Materials | |
| | Letters | |
| | Magazines | |
| | Mirror | |
| | Nail Clippers | |
| | Pant/slacks | |
| | Pen, ballpoint | |
| | Pencils | |
| | Personal papers | |
| | Photo album | |
| | Photos | |

| # | Article | Disp. |
|---|---|---|
| × | Plastic spoon, cup | ×× |
| | Playing cards | |
| | Purse | |
| | Radio (w/earplug) | |
| | Religious medals | |
| | Ring | |
| | Shirt/blouse | |
| 1 | Shoes, ×××××× | ×× |
| 1 | Shoes, shower | ×× |
| 2 | Shoes, slippers | ×× |
| | Shoes, tennis | ×× |
| 2 | Shorts | ×× |
| | Skirt | |
| | Slip | |
| | Social security card | |
| | Socks | |
| × | Socks, athletic | ×× |
| | Stamps | |
| | Stockings | |
| | Sunglasses | |
| | Sweater | |
| 1 | Sweat pants | ×× |
| 1 | Sweat shirt | ×× |
| | Trophy | |
| × | T-Shirts | ×× |
| × | Underwear | ×× |
| | Watch/watch band | |
| | Wig | |
| 1 | ××××××××× | ×× |
| 1 | ×××× ×××× | ×× |
| 1 | ××××××××× | ×× |
| 1 | ×××××× | ×× |
| 1 | ×××× ×××× | ×× |
| 1 | ××××××× ××× | ×× |

**b. Hygiene, etc.**

| # | Article | Disp. |
|---|---|---|
| | Dental floss | |
| | Dentures | |
| | Deodorant | |
| | Hair oil | |
| | Noxzema | |
| | Powder | |
| | Razor | |
| | Razor blades | |
| | Shampoo | |
| | Shaving lotion | |
| | Skin lotion | |
| | Soap | |
| | Soap dish | |
| | Toothbrush | |
| | Toothpaste | |
| | | |
| | | |
| | | |
| | | |

**c. Hobbycrafts**

| # | Article | Disp. |
|---|---|---|
| | ××××××××××××× | |
| | | |
| | | |
| | | |
| | | |

**d. Food/Tobacco Items**

| # | Article | Disp. |
|---|---|---|
| | Canned tobacco | |
| | Chewing tobacco | |
| | Cigarettes | |
| | Cigars, snuff | |
| | Coffeemate | |
| | Cold drink mix, soda | |
| | Fruit | |
| | Honey, Hi-protein | |
| | Instant chocolate | |
| | Instant coffee | |
| | Instant tea | |
| | Pipe cleaner/filters | |
| | Pipes | |

**e. Miscellaneous** (List any damaged property and from where it was received; e.g., U.S. Marshal)

| # | Article | Disp. |
|---|---|---|
| 1 | ×××××× ×××× | |
| 2 | ×××××× ×××× ××× | |
| 3 | ××××× ×××× | |
| 4 | ××××× ×××× | |
| 5 | ××××× ××× ×××× | |
| 6 | ××× ×××× ×××× | |
| 7 | ××××× ×××× | |

*Date Property was inventorie*

*Itemized list of items destroyed* *need to Lay property* *No notice of destroyed being known must be notified on inventorie as well*

8. Items Alleged by Inmate to Have Value Over $100.00
Description of Property

| | Value Alleged by Inmate |
|---|---|

| _X_ No individual item over $100.00 | |

9. Article(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee):

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Receiving Officer: Stephen / Stockeler   Date: 1-23-30 Time: 0700

I have today reviewed the property returned to me. Signature of Inmate: ××××   Reg. No.: 42908   Date: 1-23-30 Time: 0700

*Date I was placed on the Bus for transfer*

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Releasing Officer: _____   Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate _____   Reg. No.: _____ Date: _____ Time: _____

Original   Inmate's Central File: CC: Inmate, R & D, Special Housing

136

BP-A0288

# INCIDENT REPORT

Dept. of Justice / Federal Bureau of Prisons

Part I - Incident Report

| | | | |
|---|---|---|---|
| 1. Institution: EDGEFIELD FCI | | Incident Report Number: 3355407 | |
| 2. Inmate's Name<br>DEWITT, KEITH | 3. Register Number<br>42918-061 | 4. Date of Incident<br>01-22-2020 | 5. Time<br>08:00 |
| 6. Place of Incident<br>R&D | 7. Assignment<br>ADM UNASSG | 8. Unit<br>A1/2M | |
| 9. Incident<br>305 -- POSSESSING UNAUTHORIZED ITEM. | | 10. Prohibited Act Code(s)<br>305 | |

11. Description Of Incident
(Date: 01-22-2020 Time: 10:00 staff became aware of incident)

On January 22, 2020, at approximately 8:00 AM, R&D Staff asked the SIS department to review some suspicious paperwork that was found in the outgoing property of inmate Keith Dewitt, Reg. No. 42918-061. On January 22, 2020, at approximately 10:00 AM, I, B. Screws, completed a review of the paperwork that was in the property of inmate Dewitt and discovered multiple Uniform Commercial Code (UCC) documents. Some of the UCC were blank and others had been filled out in some sections. Under Bureau regulation and policy definitions, Uniform Commercial Code (UCC) filings or other lien documents, and documents listing authorized personal information for "covered persons" defined by 18 U.S.C. 119, pose a threat to the security of the institution and are considered contraband.

Exhibit 8#

| | | |
|---|---|---|
| 12. Typed Name/Signature of Reporting Employee<br>Bobby Screws | | 13. Date And Time<br>01-22-2020 10:35 |
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature)<br>S. Gianelli | 15. Date Report Delivered<br>01-22-2020 | 16. Time Report Delivered<br>11:24 |

```
BMPCR          *       INMATE DISCIPLINE DATA        *    03-10-2020
PAGE 001 OF 001 *   CHRONOLOGICAL DISCIPLINARY RECORD  *    09:32:54


REGISTER NO: 42918-061 NAME..: DEWITT, KEITH W
FUNCTION...: PRT      FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 03-10-2020


-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3355407 - SANCTIONED INCIDENT DATE/TIME: 01-22-2020 0800
UDC HEARING DATE/TIME: 01-22-2020 1600
FACL/UDC/CHAIRPERSON.: EDG/A1/2M/R. HAMPTON
REPORT REMARKS.......: UDC SANCTIONED L/P 30 DAYS COMM
   305  POSSESSING UNAUTHORIZED ITEM - FREQ: 1
        LP COMM    / 30 DAYS / CS
                FROM: 06-03-2020  THRU: 07-02-2020
        COMP:   LAW:
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3323064 - SANCTIONED INCIDENT DATE/TIME: 11-01-2019 1319
DHO HEARING DATE/TIME: 12-03-2019 0800
FACL/CHAIRPERSON.....: EDG/W. DAVIS
REPORT REMARKS.......: INMATE PROVIDED NO COMMENT
   299  DISRUPTIVE CONDUCT-HIGH - FREQ: 1
        DIS GCT    / 27 DAYS / CS
        COMP:020 LAW:P   MEETS SENTENCING GUIDELINES
        DS         / 30 DAYS / CS / SUSPENDED 30 DAYS
        COMP:   LAW:    TO DETER FUTURE MISCONDUCT
        LP COMM    / 6 MONTHS / CS
                FROM: 12-03-2019  THRU: 06-02-2020
        COMP:   LAW:    TO DEMONSTRATE THE SERIOUSNESS OF THE ACT
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1913955 - SANCTIONED INCIDENT DATE/TIME: 09-03-2009 1220
UDC HEARING DATE/TIME: 09-08-2009 1010
FACL/UDC/CHAIRPERSON.: BSY/A UNIT/LOCKWOOD
REPORT REMARKS.......: COMMENT OF INMATE IT IS NOT TRUE
   307  REFUSING TO OBEY AN ORDER - FREQ: 1
        LP COMM    / 30 DAYS / CS
        COMP:   LAW:    30 DAYS LOSS OF COMMISSARY
   312  BEING INSOLENT TO STAFF MEMBER - FREQ: 1
        LP COMM    / 30 DAYS / CS
        COMP:   LAW:    30 DAYS LOSS OF COMMISSARY




G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

*NO where does it state that Appellant lost Any telephone privilega or visits, As DHO Report states.?*

Exhibit 9#



Exhibit #20

Keith W. Dewitt
06629-091
FCC Complex (USP)
P.O. Box 26030
Beaumont, Texas
[77720]

FB 40

Warden Office
F.C.I. - Edgefield
P.O. Box 725
Edgefield, South Carolina
[29824]

MARCH 7, 2020. This dates this unit's post-office went through Beaumont after leaving.

7014 1820 0000 5936 2722

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warden: Fci-Edgefield
P.O. Box 705
Edgefield, South Carolina
(29824)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_     ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                  5/1/16

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Certified Mail     ☐ Express Mail
☐ Registered         ☐ Return Receipt for Merchandise
☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)

7014 1820 0000 5936 2772

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**541.5 Discipline process.**

**(a)    *Incident report.*    The discipline process starts when staff witness or reasonably believe that you committed a prohibited act.  A staff member will issue you an incident report describing the incident and the prohibited act(s) you are charged with committing.   You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident.**

When staff witness or reasonably believe that a violation of Bureau regulations has been committed, staff must prepare an incident report and forward it to the appropriate Lieutenant. The Lieutenant will enter the incident report into SENTRY.

The reporting employee immediately completes Part 1 of the incident report.  The incident is a prohibited act listed in Appendix C.  The entire language of the prohibited act(s) does not have to be copied. For example, "Destroying Government Property, Code 218" or "Possessing Narcotics, Code 113" would be acceptable listings.

The description of the incident should contain all facts known by the employee that are not confidential.  Anything unusual about the inmate's behavior should be noted.  The reporting employee also lists persons (staff, inmates, others) at the scene, and physical evidence (weapons, property, etc.) the employee may have handled.  The report reflects any actions taken, including use of force.  The reporting employee signs the report, enters his/her title, date, and time, and forwards it to the Lieutenant.  The description of the incident provides the inmate with specific evidence for which he/she may prepare a defense.

References to attachments and other investigative materials should not be identified in Section 11 of the report.  For example, if staff observe two inmates in a physical altercation, the reporting officer should describe in Section 11 specific actions by each inmate; e.g., throwing punches to the head with a closed fist, striking one another with closed fists, biting, scratching, hair pulling.

Acts are different or separate if they have different elements (time, place, persons involved, actions).  For example, if an inmate is involved in a fight with another inmate and also strikes a staff member trying to break it up, the inmate can be charged with fighting (Code 201) and assaulting a staff member (Code 224 or 101, depending on seriousness of injuries).

Code 305, Possession of anything not authorized, may be appropriate for inmates possessing items in excess of authorized limits.

Codes 199, 299, and 399, most like 196, 296, and 396, respectively, may be appropriate for inmates using electronic messaging (e.g., TRULINCS) in violation of policy.  Sanctions Code F., Loss of privileges, in the form of loss of electronic messaging privileges, may be an appropriate

pro⌡

1

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit 12

sanction for these offenses.

**(b)** *Investigation.* **After you receive an incident report, a Bureau staff member will investigate it.**

The Investigating Officer is an employee at the supervisory level who conducts an investigation of alleged inmate misconduct. The Investigating Officer must be IDC-certified, and may not be the employee reporting the incident or otherwise be involved in the incident. The officer is ordinarily a Lieutenant, but the Warden may appoint another staff member.

Staff conduct the investigation as promptly as possible. The Investigating Officer is ordinarily appointed within 24 hours of the incident report. The investigation should be finished within 24 hours after the appointment.

When it appears likely that the incident may involve criminal prosecution, the investigating officer suspends the investigation. Staff may not question the inmate until the FBI or other investigative agency releases the incident report for administrative processing. The incident report should then be delivered to the inmate by the end of the next business day. The time frame for processing the Incident report is suspended until it is released for processing.

The Investigating Officer may informally resolve the Incident report (except for prohibited acts in the Greatest or High severity level categories) or conduct an investigation consistent with this section.

**(1)** *Information:* **The investigator will specifically inform you:**

**(A) of the charge(s) against you; and**

**(B)  that you may remain silent at all stages of the discipline process, but that your silence may be used to draw an adverse inference against you at any stage of the process.  Your silence alone, however, cannot be the basis for finding you committed the prohibited act(s).**

**(2)** *Statement:* **When the investigator asks for your statement, you may give an explanation of the incident, request any witnesses be interviewed, or request that other evidence be obtained and reviewed.  However, the staff investigation of the incident report may be suspended before requesting your statement if it is being investigated for possible criminal prosecution.**

The Investigating Officer provides a copy of the incident report to the inmate at the beginning of the investigation, unless there is good cause for later delivery, such as absence of the inmate from the institution or a medical condition that argues against delivery. If the investigation is delayed,

pro

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

any employee may deliver the charge(s) to the inmate. The reason for the delay must be documented in the discipline record.

The incident report should be delivered to the inmate within 24 hours of the time staff become aware of the inmates alleged misconduct. If an incident is referred for prosecution, the report is delivered by the end of the next business day after release for administrative processing. (The five-day time frame for a UDC review starts when the incident report is released for administrative processing.)

The staff member must record the date and time the inmate received a copy of the report. The investigator also reads the charge(s) to the inmate and asks for the inmate's statement about the incident.

The investigator then talks to persons with direct and relevant information, and summarizes their statements. (For example, if an inmate was in a fight, the investigator talks with the other inmate(s) involved.) Often, the investigator will want to talk to the reporting employee to obtain a report firsthand and to clarify any questions. Although an inmate may not identify or request any witnesses at this stage of the discipline process, the investigator should interview any witnesses to the incident (and victims, if applicable) to record their statements. The investigator records the disposition of evidence.

If practicable, the inmate's statements offering a rationale for his/her conduct or for the charges against him/her should be investigated. If the inmate requests exculpatory evidence, such as video or audio surveillance, the investigator must make every effort to review and preserve the evidence. It would also be prudent for the investigator to review and preserve the video or audio surveillance even if the inmate does not make a specific request as such evidence is relevant to the incident.

An inmate who receives an Incident report based on a "positive" urine test may claim this result comes from either:

\#   Permissible medication he/she was given.
\#   A combination of medications he/she is taking.

In the first situation, the investigator must contact Health Services staff to determine if the inmate is receiving medication that contains the compound found in the urinalysis. In the second situation, the investigator must confirm that the inmate is authorized to take the medications. When necessary, the testing laboratory is contacted to see if the combined medications could produce a "false positive."

While an inmate can challenge the **results** of a urine test, and this may be considered by the DHO, the validity of the testing **process** is not at issue. Neither the investigator nor the DHO has the experience to assess the accuracy of the laboratory process. See the Program Statement **Urine**

pro\

**3**

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Surveillance**.

Under Comments and Conclusions, the investigator may include:

\#    Comments on the inmate's prior record and behavior.
\#    Analysis of any conflict between witnesses.
\#    Conclusions regarding what happened.

The investigator must record all steps and actions taken on the incident report and forward the relevant materials to staff holding the initial hearing.

**The inmate does not receive a copy of the investigation (Sections 23 through 27 of the incident report).**  However, if the case is ultimately forwarded to the DHO, the DHO must give a copy of the investigation and other relevant materials to the inmate's staff representative, if requested, for use on the inmate's behalf.

The UDC chairman or DHO taking **final** action ensures that the required information is entered into SENTRY.  The unit team files all discipline documents in the inmates central file.

**(3)    *Informally resolving the incident report.*    The incident report may be informally resolved at any stage of the disciplinary process, except for prohibited acts in the Greatest and High severity levels, or as otherwise required by law or these regulations.  If the incident report is informally resolved, it will be removed from your records.**

The Bureau encourages informal resolution of incidents.  However, prohibited acts in the Greatest severity level (100 level) and High severity level (200 level) may not be informally resolved, and must be referred to the DHO.  Moderate severity level (300 level) and Low severity level (400 level) offenses can be informally resolved at any stage of the process.  A record of any informal resolution is maintained in SENTRY.  However, the incident report is not filed in the inmates central file.

Staff may suspend discipline proceedings up to two calendar weeks while informal resolution is undertaken.  If informal resolution is unsuccessful, staff may reinstate disciplinary proceedings at the stage at which they were suspended.  The time requirements then restart at the point at which they were suspended.  Staff are required to write the incident report before starting informal resolution so the facts of the incident will be preserved if informal resolution is not successful.  While informal resolution requires the consent of both staff and inmate to be successful, the determination to informally resolve an incident report is solely at the discretion of staff.

pro[

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**CHAPTER 4.**

**541.7  Unit Discipline Committee (UDC) review of the incident report.**

**A Unit Discipline Committee (UDC) will review the incident report once the staff investigation is complete.  The UDC's review involves the following:**

**(a)  *Available dispositions.*  The UDC will make one of the following decisions after reviewing the incident report:**

**(1)  You committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report;**

**(2)  You did not commit the prohibited act(s) charged; or**

**(3)  The incident report will be referred to the Discipline Hearing Officer (DHO) for further review, based on the seriousness of the prohibited act(s) charged.**

**(4)  If you are charged with a Greatest or High severity prohibited act, or are an inmate covered by  541.4, the UDC will automatically refer the incident report to the DHO for further review.**

**(b)  *UDC members.*  The UDC ordinarily consists of two or more staff.  UDC members will not be victims, witnesses, investigators, or otherwise significantly involved in the incident.**

The Warden designates ordinarily two or more unit staff members to hold an initial review and impose available sanctions upon completion of the investigation of alleged misconduct for moderate category and low category offenses.  One staff member UDCs are permitted when other members are not reasonably available.

Only one unit staff member is required to hold an initial review when the incident report is required by policy to be referred to the DHO.

A staff member witnessing an incident may serve on the UDC in cases where virtually every staff member in the institution witnessed the incident in whole or in part.

A staff member may not sit on the UDC without successfully completing the self-study program for UDC certification.

Each Warden must select at least one UDC Trainer to monitor the progress of staff participating in the self-study program.

proį

**1**

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



Exhibit 13

**(c)** *Timing.*  **The UDC will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays.  UDC review of the incident report may also be suspended if it is being investigated for possible criminal prosecution.**

The Wardens approval is required for any extension beyond five work days.  The UDC will ensure the approval is documented and included in the discipline packet.  The time that an incident report is suspended for referral to another agency for possible prosecution is not included in this five work day time frame.  The time line commences when the incident report is released from the outside agency for administrative processing.  However, the inmate should be advised of the delay, and if appropriate, the reason for the delay.

**(d)** *Inmate appearance.*  **You are permitted to appear before the UDC during its review of the incident report, except during UDC deliberations or when your presence would jeopardize institution security, at the UDCs discretion.  Also:**

**(1)  You may appear either in person or electronically (for example, by video or telephone conferencing) at the UDC's discretion.**

**(2)  You may waive your appearance before the UDC.  If you waive your appearance, the UDC will review the incident report in your absence.**

**(3)  If you escape or are otherwise absent from custody, the UDC will** conduct a review in your absence at the institution where you were last confined.

The UDC must document its reasons for excluding an inmate from the hearing.

A waiver may be in writing, signed by the inmate, or if the inmate refuses to sign, by a memo indicating the inmate's refusal to appear (Waiver of Appearance (BP-A0307)).

**(e)** *Evidence.*  **You are entitled to make a statement and present documentary evidence to the UDC on your own behalf.   The UDC will consider all evidence presented during its review.  The UDCs decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence.**

The phrase "some facts" refers to facts indicating the inmate committed the prohibited act.  The phrase "greater weight of the evidence" refers to the strength of the evidence.

**(f)** *Sanctions.*  **If you committed a prohibited act(s), the UDC can impose any of the available sanctions listed in Tables 1 and 2, except loss of good conduct sentence credit, disciplinary segregation, or monetary fines.**

pro[

**2**

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(g)** *Referral to the DHO.* **If the UDC refers the incident report to the DHO for further review, the UDC will advise you of your rights at the upcoming DHO hearing, as detailed in 541.8.**

The UDC is prohibited from imposing the sanctions of make monetary restitution or monetary fines.

The UDC forwards copies of relevant documents to the DHO with a statement of reasons for the referral, along with recommendations for sanctions if the DHO finds the inmate has committed the act or another prohibited act. The UDC Chair records reasons for the referral and recommendations for disposition in the "Committee Action" section of the incident report. Recommendations are contingent upon a DHO finding that the inmate committed the act.

When charges are referred to the DHO, the UDC advises the inmate of the rights afforded at a hearing. The UDC asks the inmate to choose a staff representative, if any, and the names of witnesses the inmate wishes to be called to testify and what testimony they are expected to provide. The UDC advises the inmate that he/she may waive the right to be present at the hearing, but still have witnesses or a staff representative appear on his/her behalf.

If an inmate waives the right to appear at the UDC review, the UDC ensures the inmate is advised of the rights afforded at a hearing before the DHO (see forms for Inmate Rights at Discipline Hearing and Notice of Discipline Hearing Before the Discipline Hearing Officer (DHO)).

**(h)** *Written report.* **You will receive a written copy of the UDC's decision following its review of the incident report.**

The UDC prepares a record of its proceedings, which need not be verbatim. A record of the hearing and supporting documents is kept in the inmate's central file.

The UDC gives the inmate a written copy of the decision and disposition by the close of business the next work day. Action taken as a minor disposition may be reviewed under the Administrative Remedy Program (see 28 CFR Part 542, Subpart B.).

All UDC member**(s)** must print their name and sign Part II of the incident report to certify they served on the UDC and that the completed Part II accurately reflects their review.

When the UDC finds the inmate committed the prohibited act charged or a similar prohibited act reflected in the incident report, the chair ensures the information is entered into SENTRY in the Chronological Disciplinary Record.

pro

**3**

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Keith W. DeWitt, Sr.
#42918-061
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Texas   77720

Dec. 20, 2021

Clerk of Courts
United States District Court
Eastern District of Texas
104 North Third Street
Lufkin, Texas   75901

RE:  The Docketing of a 2241 Petition

Dear Clerk,

Please find enclosed one original copy of a 2241
petition to be placed the docket for processing.

Once case number is issued, the filing fee will be
remitted.

Sincerely

_____
Keith W. DeWitt Sr.

Keith W. DeWitt, Sr.
90-40918-061
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Texas [77720]

United States District Court
Eastern District of Texas
104 North Third Street
Lufkin, Texas [75901]

"Legal Mail"